UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                                           Case No.:  2:18-cv-113-FtM-29UAM

JUSTIN DODD, HOLLY COOPER,
SONYA WALKER, PATRICK ANLAUF
and NATALIE K. SAVINO,

    Defendants.
_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon *sua sponte* review of the Court's February 20, 2019 Order (Doc. 17) granting Plaintiff's Motion for Leave filed on February 14, 2019.  (Doc. 16).

*Pro se* Plaintiff David Hastings initiated this lawsuit by filing a Complaint along with an Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*, on February 20, 2019.  (Doc. 1, 2).  The Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* without prejudice due to the insufficiency of Plaintiff's Complaint.  (Doc. 8 at 3).  In the Court's Order, Plaintiff was permitted to file an amended complaint by November 19, 2019.  (*Id*. at 10).  On November 16, 2019, Plaintiff filed a renewed Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*.  (Doc. 12).  Plaintiff later filed an amended complaint on

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

November 26, 2019.  (Doc. 13).  On January 31, 2019, the Court denied Plaintiff's renewed Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis* because Plaintiff's factual allegations were similar to the allegations in his original complaint, which failed to state any cognizable claim.  (Doc. 15 at 5).  In the Court's January 31, 2019 Order, Plaintiff was warned that the Court would allow him one final opportunity to amend his claims and file a second amended complaint and that failure to comply with the Court's directives would result in a recommendation that the case be dismissed.  (*Id*. at 10).  Plaintiff was allowed until February 28, 2019 to file his second amended complaint.  (*Id*.).  Plaintiff filed a Motion for Leave on February 14, 2019.  (Doc. 16).  The Court granted Plaintiff's request for an extension of time to file a second amended complaint, allowing Plaintiff until March 29, 2019.  (Doc. 17 at 1).  To date, Plaintiff has failed to comply with the Court's directive.

Courts "have inherent power to impose sanctions on parties, lawyers, or both."  *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).  The use of sanctions "requires a finding of bad faith after the party is afforded a due process opportunity to be heard."  *Boler v. Space Gateway Support Co. LLC*, 290 F.Supp. 2d 1272, 1278 (M.D. Fla., 2003).  A court may find bad faith if a party delays litigation or fails to comply with a court order.  *In re Sunshine Jr. Stores*, 456 F.3d at 1304 (finding that a bankruptcy court properly invoked its inherent power to sanction the party when the party repeatedly failed to respond to court orders).  "Upon appropriate circumstances, it is within a court's discretion to . . . dismiss a lawsuit for actions taken in bad faith."  *Id*. at 1305.  While drastic sanctions, like the dismissal of a plaintiff's complaint, should be a court's final resort, this sanction is appropriate "when less drastic sanctions would not ensure compliance with the court's orders."  *Id*. at 1306.

The Court has extended Plaintiff numerous opportunities to comply with its directives. And the Court forewarned Plaintiff that non-compliance may result in a recommendation that his Amended Complaint be dismissed. (Doc. 8, 9, 15). However, Plaintiff continues to ignore this Court's instructions. Plaintiff's non-compliance has stalled proceedings and interfered with the Court's management of this lawsuit for nearly seven months. (Doc. 8).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiff's Amended Complaint (Doc. 13) be dismissed.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of May, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties